UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| APRIL DAWN KELLEY, INDIVIDUALLY, AND ON BEHALF OF HER MINOR CHILDREN, B.H., J.A., and W.A.; and JACKLYN ALYSE HICKMAN | CIVIL ACTION<br><br>NUMBER: |
| VERSUS | |
| CIRCLE K STORES, INC., and WELLS FARGO INSURANCE SERVICES USA, INC. | SECTION: |

## ORIGINAL COMPLAINT

### "JURY TRIAL REQUESTED"

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs, APRIL DAWN KELLEY, INDIVIDUALLY, AND ON BEHALF OF HER MINOR CHILDREN, B.H., J.A., and W.A.; and JACKLYN ALYSE HICKMAN, who do respectfully represent:

### I.

### JURISDICTION AND VENUE

Jurisdiction is founded in this Court pursuant 28 U.S.C. 1332, the parties being diverse in citizenship and the amount in controversy exceeding Seventy Five Thousand and NO/100 ($75,000.00) Dollars.  Venue is proper in the United States District Court, Eastern District of Louisiana, the situs of the incident.

### II.

### PARTIES

(a)   Plaintiff, APRIL KELLEY, is a person of the full age of majority, who at the time of the subject incident resided in Bogalusa, Washington Parish,

        Louisiana, but who now resides in Lake City, Arkansas, appearing herein individually and on behalf of her minor children, B.H., J.A., and W.A.;

(b)    Plaintiff, JACKLYN ALYSE HICKMAN, is a person of the full age of majority, who is the daughter of April Kelley, who resided in Bogalusa, Washington Parish, Louisiana at the time of the subject incident, but who now resides in Lake City, Arkansas;

(c)    Defendant, CIRCLE K STORES, INC., is a Florida corporation authorized to do and doing business in the State of Louisiana, who at all times material herein, was the owner and operator of the Circle K store located at 14296 Highway 21 South, Bogalusa, Louisiana, who at all times material herein has appointed as its agent for service of process, Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana;

(d)    Defendant, WELLS FARGO INSURANCE SERVICES USA, INC., is a North Carolina corporation, authorized to do and doing business in the State of Louisiana, who at all times material herein was the liability insurance carrier for the Circle K store located at 14296 Highway 21 South, Bogalusa, Louisiana, and who has appointed as its agent for service of process Corporation Service Company, 320 Sumerulos Street, Baton Rouge, Louisiana.

**III.**

Plaintiffs aver that Wells Fargo Insurance Services USA, Inc., had in full force and effect a policy of liability insurance affording coverage to Defendant, Circle K Stores, Inc., with respect to the matters, risks and things for which Defendant, Circle K Stores, Inc., is liable herein, thereby affording Plaintiffs the right to proceed against this Defendant insurer under the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:655.

**IV.**

**FACTS OF THE CASUALTY**

On December 20, 2009, Plaintiff, April Dawn Kelley, was a customer of the Circle K store on Highway 21 in Bogalusa, Louisiana. While she was standing at the front sales checkout counter, an unidentified African American man wearing a bandana over his face came into the front door and immediately shot Plaintiff, April Dawn Kelley. The unidentified man then proceeded to rob the store and quickly left the premises. The Plaintiff's minor children were waiting for their mother in the car, witnessed their mother being shot and ran inside the store to find their mother on the floor, bleeding and screaming in pain. Plaintiff, Jacklyn Alyse Hickman, also witnessed her mother being shot and when she attempted to pursue her mother's assailant in her vehicle, he pointed the gun at her. The assailant was never caught.

**V.**

**CAUSE OF ACTION**

The sole cause(s) of this criminal attack and subsequent physical and emotional injuries to the Plaintiffs was the negligence and strict liabilities of the Defendants,

CIRCLE K STORES, INC. and WELLS FARGO INSURANCE SERVICES, USA, INC., pursuant to the laws of Louisiana and all other laws, statutes, industry custom and regulations applicable to this case, including, but not limited to LSA-C.C. Arts. 2315, 2317, 2322, et seq. and/or any State's laws where corporate conduct precipitated this incident, given the cash-based nature of the business, that it is open twenty-four hours a day, and that it is generally operated by one employee, in the following non-exclusive particulars:

    (a)    Negligent failure to maintain its premises in a reasonably safe condition;

    (b)    Negligent failure to inspect its premises to protect patrons from dangerous conditions which are readily apparent;

    (c)    Failure to maintain internal security measures;

    (d)    Failure to take necessary steps to deter crime, given the nature of the business and the propensity for such crimes as the one committed herein which is the subject of this litigation;

    (e)    Failure to anticipate the armed robbery, although it was clearly foreseeable, given the nature of the business;

    (f)    Failure to exercise ordinary care to guard against crime, given the nature of the business;

    (g)    Failure to provide sufficient lighting in the parking lot and surrounding area, thereby inviting criminals and providing an easy access to the building;

    (h)    Failure to exercise reasonable care to protect its patrons against criminal activity;

(i) Failing to warn patrons of known dangers, given the inadequate security and the nature of the business;

(j) Failure to provide adequate safety features and protections from criminal activity, given the nature of the business;

(k) Failure to provide a "scope of protection", given the risk of criminal activity for this type of business;

(l) Failure to implement safety measures to ensure that criminal activity would be less likely to occur;

(m) Failure to foresee criminal activity, given the criminal activities in the same general area for the same type of convenience store business;

(n) Failing to implement a security plan and/or other security measures to prevent criminal activity and protect their patrons;

(o) Failing in their obligation to take steps to deter crime, given the very nature of their business;

(p) Failure to reasonably foresee the potential for harm, given the location, nature and condition of the property and the gravity of harm that could occur;

(q) Failure to take reasonable precautions to secure its premises when they knew, or reasonably should have known, that there was a risk of criminal activity, thereby endangering the safety of their patrons;

(r) Failure to implement programs to provide either a security guard on the premises and/or more experienced employees and/or more employees on shifts, particularly those in the late hours of the evening and early morning

hours, when criminal activity is more prevalent;

(s)  Failure to deter from the real possibility of a criminal attack, given the easy access for escape, the amount of money available on the premises, the number of clerks on duty, and the inadequate lighting on the premises;

(t)  Defendants had actual knowledge of the potential danger giving rise to this litigation as they had experienced multiple prior armed robberies and crimes;

(u)  Defendants are strictly liable to Plaintiffs for their acts and/or omissions listed herein;

(v)  Any other negligent act to be proven at a trial on this matter.

## VI.

## **INJURIES**

Due to the incident and injuries sustained by Plaintiff, APRIL DAWN KELLEY, she continues to suffer with pain in her pelvic area due to the decision by her physicians not to remove the bullet. Further, she suffers post-traumatic stress and psychological damage and lives in constant fear due to the horrifying and traumatic experience, including, but not limited to:

(a)  Constant fear of encountering her assailant, as he has never been caught;

(b)  Fear of being alone;

(c)  Nightmares;

(d)  Visuals of the gunman's face in crowds.

Also, due to the pain, discomfort and her psychological fears, Ms. Kelley was forced to quit her job. Further, she didn't feel safe in the town where the incident

occurred, and as a result, moved back to Arkansas to be near her family.

## VII.

The children of April Dawn Kelley, B.H., J.A., W.A., and JACKLYN ALYSE HICKMAN, were in the vehicle outside of the store at the time of the incident, saw the criminal assailant shoot their mother and ran into the store after the gunman fled.  They witnessed their mother on the floor, bleeding, and screaming in pain.  The children have experienced post-traumatic stress and psychological damages, including, but not limited to:

    (a)    Fear for their mother's safety;

    (b)    Fear for their own safety.

## VIII.

## COMPARATIVE FAULT

Plaintiffs in no way contributed to the cause of their physical and emotional injuries.

## IX.

## COMPENSATORY DAMAGES

Defendants are liable to Plaintiff, APRIL DAWN KELLEY, for the following non-exclusive particulars, to wit:

    (a)    Past, present, and future physical pain and suffering;

    (b)    Past, present, and future mental and emotional pain, suffering and anguish;

    (c)    Past, present, and future medical and/or surgical expenses;

    (d)    Past, present, and future wage and fringe benefit loss, loss of earning capacity, and loss of household and other non-market services;

    (e)    Vocational and occupational rehabilitation expenses;

    (f)    Permanent, partial physical disability;

    (g)    Loss of enjoyment of the qualities and pleasures of life.

## X.

Defendants are liable to Plaintiffs, B.H., J.A., W.A., and JACKLYN ALYSE HICKMAN, the children of April Dawn Kelley, for the following non-exclusive particulars, to wit:

    (a)    Past, present, and future debilitating mental and emotional pain, suffering, distress and anguish, pursuant to Louisiana Civil Code Article 2315.6;

    (b)    Loss of enjoyment of the qualities and pleasures of life;

    (c)    Loss of consortium, care, services and society, as a result of their mother's continued physical and emotional pain and suffering.

## XI.

Plaintiffs demand and are entitled to a trial by jury as to all issues herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, APRIL DAWN KELLEY, INDIVIDUALLY, AND ON BEHALF OF HER MINOR CHILDREN, B.H., J.A., and W.A.; and JACKLYN ALYSE HICKMAN, pray that after due proceedings had, there be judgment herein in their favor and against the Defendants, CIRCLE K STORES, INC. and WELLS FARGO INSURANCE SERVICES, USA, INC. in an amount reasonable in the premises, plus legal interest as allowed by law, all costs of this proceeding, pre-judgment and post-judgment interest, and any and all other general and equitable relief to which Plaintiffs may be entitled.

THE PENTON LAW FIRM  
209 HOPPEN PLACE  
BOGALUSA, LOUISIANA 70427  
PHONE : (985) 732-5651  
FAX : (985) 735-5579  
E-MAIL : fedcourtmail@rgplaw.com  

s/Ronnie G. Penton  
Ronnie G. Penton (#10462)  
MaryAnna Penton (#32920)  
Trial Counsel for Plaintiff