UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| APRIL DAWN KELLEY, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, B.H., J.A., and W.A.; and JACKLYN ALYSE HICKMAN | CIVIL ACTION |
| VERSUS | NO. 10-4381 |
| CIRCLE K STORES, INC. and WELLS FARGO INSURANCE SERVICES, USA, INC. | SECTION "N" (3) |

## ORDER AND REASONS

Before the Court is the "Motion for Partial Summary Judgment" (Rec. Doc. 26), filed by

Plaintiffs April Dawn Kelley and Jacklyn Alyse Hickman ("Plaintiffs"). This motion is opposed

by Defendants Circle K Stores, Inc. and ACE American Insurance Company ("Defendants").

(*See* Rec. Doc. 32). After considering the memoranda filed by the parties, the Court rules that

Plaintiffs' motion is **DENIED**, for the reasons set forth herein.

I.      BACKGROUND

Plaintiff April Dawn Kelley ("Ms. Kelley") was shot by an unidentified assailant while

shopping in a Circle K convenience store in Bogalusa, Louisiana. Plaintiffs have brought suit

against Circle K Stores, Inc. ("Circle K") and its Insurer, ACE American Insurance Company ,

alleging that Circle K negligently failed to protect Ms. Kelley, a customer in one of its stores,

from the crimes of third parties.

## II.     ARGUMENTS OF THE PARTIES

Plaintiffs seek summary judgment on Defendants' second affirmative defense, which

pleads the fault of the unidentified assailant, for whom Defendants are not responsible.  Plaintiffs

argue that the Court need not apportion fault between Circle K and the non-party assailant, but

rather may impose liability on Defendants for all of Plaintiffs' damages because Circle K's

negligent failure to ensure the safety of Ms. Kelley is the legal cause of her injuries.

In response, Defendants state that, under Louisiana law, the Court is bound to allocate

fault between all parties responsible for Plaintiffs' injuries, including the non-party assailant.

Defendants assert that 1996 amendments to Louisiana Civil Code Articles 2323 and 2324

abolished joint and several liability in favor of a pure comparative fault system.  As such,

Defendants argue that Plaintiffs' motion must be denied as it relies on overturned principles of

law.

## III.    DISCUSSION

### A.     Legal Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall

be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The

materiality of facts is determined by the substantive law's identification of which facts are critical

and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

**B.      Analysis**

Louisiana Civil Code Article 2323 mandates that "[i]n any action for damages where a person suffers injury . . . the degree or percentage of fault of all persons causing or contributing to injury . . . shall be determined, regardless of whether the person is a party to the action or a nonparty." La. Civ. Code Ann. art. 2323 (2012). Closely related, Louisiana Civil Code Article 2324 states that unless two or more individuals conspired to commit an intentional act, "liability for damages caused by two or more persons shall be a joint and divisible obligation." La. Civ. Code. Ann. art. 2324(B) (2012). Article 2324(B) goes on to state that a joint tortfeasor shall only be responsible for his own portion of fault and "shall not be solidarily liable with any other person for damages attributable to the fault of such other person." *Id.* In *Keith v. U.S. Fid. & Guar. Co.*, 96-CC-2075 (La. 5/9/97); 694 So.2d 180, 182, the Louisiana Supreme Court stated that Article 2323 mandates that a court allocate fault among all persons contributing to an injury regardless of the person's party status or immunity. Regarding Article 2324(B), the Louisiana Supreme Court held in *Dumas v. State Dep't of Culture, Recreation, and Tourism,* 2002-CC-0563, p. 12 (La. 10/15/02); 828 So.2d 530, 537, that "the provision abolishes solidarity among non-intentional tortfeasors, and makes each non-intentional tortfeasor liable only for his own share of the fault, which must be quantified pursuant to Article 2323."

Following these pronouncements by the Louisiana Supreme Court, the Louisiana Courts of Appeal, First, Second and Third Circuits, have held that a trial court must allocate fault

3

between an intentional tortfeasor and a negligent tortfeasor in an action for damages. *See*

*McIntosh v. McElveen*, 2004-1041 (La. App. 3 Cir. 2/2/05); 893 So.2d 986, *writ denied* 2005-

0528 (La. 4/29/05); 901 So.2d 1069; *Morrison v. Kappa Alpha Psi Fraternity*, 31805-CA (La.

App. 2 Cir. 5/7/99); 738 So.2d 1105; *Bell v. Ayio*, 97-0534 (La. App. 1 Cir. 11/13/98); 731 So.2d

893. In *Morrison v. Kappa Alpha Psi*, 31805-CA (La. App. 2 Cir. 5/7/99), the Louisiana Court

of Appeal, Second Circuit, found that the Louisiana Legislature's 1996 revisions to Articles 2323

and 2324 and the Louisiana Supreme Court's interpretation thereof overruled *Veazey v. Elmwood*

*Plantation Associates Ltd.* 93-2818 (La. 11/30/94); 650 So.2d 712.

In *Veazey*, decided before the Legislature's 1996 amendments to Articles 2323 and 2324,

the Louisiana Supreme Court held that a court could, but was not required to, compare the fault

of negligent and intentional tortfeasors. 93-2818 (La. 11/30/94); 650 So.2d 712, 719. The Court

found that a property management company negligently contributed to the circumstances which

led to a tenant being raped in her apartment. *Id.* at 715. The trial court refused to instruct the

jury on the allocation of fault of the nonparty rapist, and the management company appealed,

alleging that the trial court committed legal error. *Id.* at 714. The Court said that "case-by-case

analysis" should be used to determine whether the fault of negligent and intentional tortfeasors

would be compared and that "public policy considerations inherent in the question of whether

such a comparison *should* be made compel us to find . . . that such a comparison should not be

made in this particular case." *Id.* at 719 (emphasis in original).

Plaintiffs argue that *Veazey* is still good law under the current versions of Louisiana Civil

Code Articles 2323 and 2324, relying on the Louisiana Court of Appeal's, Fifth Circuit, decision

in *Posecai v. Wal-Mart Stores, Inc.*, 98-1013, p. 14 (La. App. 5 Cir. 3/30/99); 731 So.2d 438,

446, *rev'd on other grounds* 99-C-1222 (La. 11/30/99); 752 So.2d 762, which held that the 1996

amendments to Articles 2323 and 2324 did not overrule *Veazey*. However, the Fifth Circuit's

endorsement of *Veazey* is of little precedential value as the Louisiana Supreme Court later

reversed *Posecai* on other grounds. *See Posecai v. Wal-Mart Stores, Inc.*, 99-C-1222 (La.

11/30/99); 752 So.2d 762. Plaintiffs have not provided this Court with any other precedent

supporting *Veazey's* continued validity under the current versions of Louisiana Civil Code

Articles 2323 and 2324.

This Court, like the Louisiana Courts of Appeal, First, Second, and Third Circuits, holds

that under Louisiana Civil Code Articles 2323 and 2324, a court must allocate fault between all

negligent and intentional tortfeasors in an action for damages. La. Civ. Code Ann. art. 2323 and

2324 (2012). As such, Plaintiffs' motion for partial summary judgment is denied.


**IV.     CONCLUSION**

Considering the foregoing, **IT IS ORDERED** that the **"Motion for Partial Summary**

**Judgment" (Rec. Doc. 26)** is **DENIED**.

New Orleans, Louisiana, this 11th day of <u>May</u> 2011.

                                        **KURT D. ENGELHARDT**
                                        **United States District Judge**